UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOMMIE L. GIBSON,

        Plaintiff,

vs.                                    Case No. 2:10-cv-44-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #16), filed on January 6, 2011, recommending that the Commissioner's decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner. The Commissioner filed Objections (Doc. #18), to which plaintiff filed a Reply (Doc. #19).

    The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Report and Recommendation rejects most of the claims of error raised by plaintiff. Neither party has objected to these portions of the Report and Recommendation, and after an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation as to these matters.

The one issue to which there has been an objection is the Report and Recommendation's conclusion that the Administrative Law Judge (ALJ) erred at Step 4 of the sequential evaluation process because the ALJ's opinion did not establish that the ALJ considered plaintiff's visual impairments in evaluating plaintiff's ability to perform his past relevant work as a cashier. The Court adopts the Report and Recommendation as to this issue to the extent set forth below.

As the Report and Recommendation correctly states, the ALJ found that plaintiff was capable of performing his past relevant work as a cashier because "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Doc. #11, Tr. 20.) The residual functional capacity found by the ALJ does indeed contain a vision component: the ALJ found that plaintiff "has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours out of an 8 hour day, sit for 6 hours out of an 8 hour day **but is limited in near/far visual acuity, depth perception, accommodation, color vision and field of vision**." (Id., Tr. 17)(emphasis added). The Report and Recommendation correctly states that no evidence shows that the ALJ considered the **impact** of the visual impairments on plaintiff's ability to perform this past relevant job. (Doc. #16, p. 22.) Having found that plaintiff is "limited in near/far visual acuity, depth perception, accommodation, color vision and field of vision," the ALJ was obligated to consider and evaluate how these non-exertional impairments would impact his ability to work as a cashier. Nothing in the ALJ's decision indicates the job requirements of a cashier, either generally or as performed by plaintiff, and nothing discusses the impact of the established vision impairment on plaintiff's ability to perform the work of a cashier. The Commissioner's finding at Step 4 that plaintiff could

perform his past relevant work is therefore not supported by sufficient factual findings in which the ALJ discusses the job requirements of a cashier and how these may be satisfied by a person with the vision impairments found by the ALJ. In the absence of such statements, a reviewing court is unable to determine whether the ultimate decision on the merits is rational and supported by substantial evidence. Winschel v. Comm'r of Soc. Sec., ___ F.3d ___, No. 10-10620, 2011 WL 198372 at *2 (11th Cir. Jan. 24, 2011). The matter must be remanded to the Commissioner to determine the job requirements of plaintiff's past work as a cashier and if plaintiff can perform that work. Cannon v. Bowen, 858 F.2d 1541, 1545-46 (11th Cir. 1988); Nelms v. Bowen, 803 F.2d 1164, 1165 (11th Cir. 1986). Because there is no dispute that plaintiff has non-exertional vison impairments, the testimony of a vocational expert may be required at Step 4 and will be required if the matter proceeds to Step 5.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #16) is accepted and **adopted** by the Court to the extent discussed above.

2. The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can develop the record and set forth factual

findings as to the demands of plaintiff's past relevant work as a cashier, which may involve testimony from a vocational expert, and if necessary to proceed to Step 5 of the sequential evaluation process with the assistance of a vocational expert.

    3.   The Clerk of the Court shall enter judgment accordingly and close the file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of January, 2011.

                                                             JOHN E. STEELE
                                                 United States District Judge

Copies:
Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record