```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

TOMMIE L. GIBSON,

                Plaintiff,

vs.                                    Case No. 2:10-cv-44-FtM-29SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #22) filed on March 10, 2011. The Commissioner filed an Opposition (Doc. #23) and plaintiff filed a Reply (Doc. #28) with leave of Court.

**I.**

On January 25, 2010, plaintiff filed a Complaint (Doc. #1) seeking judicial review of an adverse decision regarding a claim for disability benefits. The following arguments were presented to the Magistrate Judge:

> (1) The ALJ erred when he relied on an opinion that could not have included all of the medical evidence of record and which erroneously stated that the record did not include evidence of retinopathy, nephropathy, or peripheral neuropathy in establishing the Residual Functional Capacity; (2) the ALJ's finding that the Plaintiff's mental impairment is not severe and causes no more than minimal limitation in ability to perform basic mental work activities is not based upon substantial evidence; (3) the ALJ erred in not requesting Vocational Expert testimony at the hearing, in light of the Plaintiff's visual limitations and mental impairments;

>   and (4) new evidence properly presented to the Appeals Council renders the denial of benefits erroneous, shows that the ALJ's decision is not supported by substantial evidence, and requires that the case be remanded for proper consideration of the evidence.

(Doc. #16, pp. 13-4.)  On January 6, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. #16) recommending that the Final Decision of the Commissioner be remanded.  The Report and Recommendation noted that plaintiff did not submit medical records for consideration until years after treatment, and that plaintiff "had the ability to have an RFC assessment completed by one of his treating doctors which could have taken into account the documents submitted" years later.  (Doc. #16, pp. 16, 17.)  In the end, the Magistrate Judge found no error on the first issue because the ALJ did consider plaintiff's retinopathy, neuropathy, and nephropathy. As to the second issue, the Magistrate Judge found that the record supported the ALJ's finding at Step 2.  As to the third issue, the Magistrate Judge found that the ALJ did not consider plaintiff's visual impairments and the impact of the impairments on plaintiff's ability to perform his past relevant job, despite noting the visual limitations in the residual functional capacity (RFC) determination, and the Magistrate Judge recommended remand to conduct the step-five analysis, including consulting with a vocational expert.  As to the last issue, even considering the new evidence presented to the Appeals Council, the Magistrate Judge

found no basis for changing the ALJ's decision. (See generally id.)

In adopting the Report and Recommendation, the undersigned found the magistrate judge correctly stated that there was no evidence that the ALJ considered the impact of the visual impairments on plaintiff's ability to perform past relevant work. The undersigned found that the ALJ was obligated to consider and evaluate how the non-exertional impairments would impact plaintiff's ability to work as a cashier. The Court found "[n]othing in the ALJ's decision indicates the job requirements of a cashier, either generally or as performed by plaintiff, and nothing discusses the impact of the established vision impairment on plaintiff's ability to perform the work of a cashier." (Doc. #20, p. 3.) The Court clarified that the development of the record may involve testimony from a vocational expert. (Doc. #20.) The undersigned noted that most of plaintiff's claims were rejected and that neither side objected to those portions of the Report and Recommendation, therefore the rulings were affirmed. Judgment (Doc. #21) was entered the same day reversing and remanding the Decision of the Commissioner of Social Security so the Commissioner could develop the record and set forth factual findings.

## II.

In order for plaintiff to be awarded fees under the Equal Access to Justice Act (EAJA), the following five (5) conditions

must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d). Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990). The Commissioner does not dispute plaintiff's prevailing party status, or that plaintiff has established one through four of the conditions for an award of fees under EAJA. The Commissioner however argues that special circumstances exist making an award unjust.

Although not statutorily defined, "special circumstances" "should be narrowly construed" and the Commissioner bears the burden of proving the existence of special circumstances. Martin v. Heckler, 773 F.2d 1145, 1150 (11th Cir. 1985), abrogated on other grounds, Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989). Special circumstances generally arise only in "unusual situations". Riddell v. Nat'l Democratic Party, 624 F.2d 539, 544 (5th Cir. 1980)[1](collecting cases).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Commissioner argues that an award of fees would be unjust because plaintiff and his counsel failed to present any vocational evidence to show that plaintiff's visual impairments are actually inconsistent with the demands of his past relevant work; because plaintiff did not request the presence of a vocational expert at the hearing; and because plaintiff agreed that the record was complete when asked by the Administrative Law Judge (ALJ). The Commissioner relies on non-binding case law to support a finding of "special circumstances" warranting a denial of attorney's fees. In Bryant v. Apfel, 37 F. Supp. 2d 210 (E.D.N.Y. 1999), the court found that counsel failed to develop a complete medical record and in fact did not produce medical records until the matter reached the district court level. The court determined that granting fees would "create a perverse incentive" for counsel to fail to develop the record. Id. at 214. In this case, no records were missing, rather, it was determined that the ALJ failed to consider the impact of plaintiff's ability to work as a cashier. In Wimpy v. Barnhart, 350 F. Supp. 2d 1031 (N.D. Ga. 2004), counsel conceded negligence in failing to submit an assessment form, the special circumstance was found to be plaintiff's negligence, and the court found that equitable considerations weighed against an award. In Webb v. Astrue, 525 F. Supp. 2d 1329 (N.D. Ga. 2007), which factually most resembles this case, the court made findings that counsel failed to raise the significant issue of plaintiff's past

relevant work and did not ask questions on cross-examination of the vocational expert indicating that the earnings might not qualify as past relevant work. Webb asserted, in reply to the fees motion, that a letter was sent to the Appeals Council that the past relevant work was not substantial gainful activity. The letter was not contained in record evidence, the court was not informed after statements were made in the Report and Recommendation, and no objections or responses were filed despite express notice that the fees application would be challenged based on the lack of diligence. The Court found that if the issue had been presented to the ALJ, litigation could have been avoided and therefore fees were denied.

The Court declines to find that any negligence by counsel in this case constituted special circumstances, and finds that this case is clearly distinguishable from the other cases. In this case, the Form SSA-3368 specifically outlined the difficulties with performing at work because of plaintiff's vision. (Doc. #11, pp. 98-99.) The necessary information was provided as part of the record, and the ALJ noted and was aware of the vision issues, however he failed to elicit any testimony or make any findings as to the specific jobs that plaintiff could perform in finding no disability. Even though counsel did not ask questions regarding the ability to work during the hearing, the ALJ must develop a "full and fair record," Cowart v. Schweiker, 662 F.2d 731, 736

(11th Cir. 1981), whether or not represented by counsel[2], Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995).  The failure to elicit testimony regarding specific jobs plaintiff is able to perform is the ALJ's failure to "meet his duty of developing a full and fair record."  Cowart, 662 F.2d at 736 ("the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not 'mere intuition or conjecture by the administrative law judge.'" (citation omitted)).

The Court finds that all conditions for the EAJA fees have been satisfied and no special circumstances exist to render an award of fees unjust.  Reasonableness of the attorney's fees remains to be determined.

### III.

The Commissioner argues that the amount of fees sought is excessive and unreasonable in light of plaintiff's failure to prevail on many of the arguments.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988).  The resulting fee carries a strong presumption that it is the reasonable fee.  City of Burlington v.

---

[2]The ALJ's obligation rises to a "special duty" if the right to representation has not been waived.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).

Daque, 505 U.S. 557, 562 (1992). A fee may be adjusted based on the "results obtained"; for example, when a plaintiff prevails on only some claims for relief. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Blum v. Stenson, 465 U.S. 886, 900 (1984). See also Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662 (2010)(in rare and exceptional circumstances, the lodestar calculation may not be adequate for superior attorney performance). If this occurs, the Court looks at two issues: (1) Did plaintiff fail to prevail on claims that were unrelated[3] to the claims on which success was achieved; and (2) Did plaintiff achieve a level of success that makes the hours reasonably expended a basis for the award. Hensley, 461 U.S. at 434.

Although many of plaintiff's arguments were rejected, the Court did not find that the arguments were frivolous. Additionally, the Court does not find that the claims presented

---

[3]In Hensley, the Court discussed unrelated versus related claims:

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. . . . In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Hensley, 461 U.S. at 435.

were discrete or unrelated issues requiring a fee reduction. Clearly, the issues collectively presented a case of medical issues supporting a finding of disability and error by the Administrative Law Judge. The request to reduce the fee request is denied based on the level of success achieved.

Counsel for plaintiff seeks an award of $5,123.81 in attorney's fees for 28.70 hours expended at a rate of $178.53[4] an hour. The Commissioner does not object to the hourly rate but seeks a reduction in the hours expended by 6.75 hours. After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable. The Court further finds that an additional five hours should also be awarded for filing the reply to the issues raised by the Commissioner. See Jean v. Nelson, 863 F.2d at 780 ("fees for fees" permitted). The Court will award $6,016.46 in attorney's fees.

**IV.**

The Commissioner argues that the payment of fees to counsel instead of plaintiff is contrary to binding authority. Plaintiff seeks an award of the attorney's fees directly to counsel pursuant to an Assignment of Equal Access to Justice Act fees (Doc. #22, p.

---

[4]EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Court finds the hourly rate is reasonable in light of the Consumer Price Index (CPI).

10). The Commissioner argues that the assignment is invalid under the Anti-Assignment Act, the Social Security Administration has not waived the requirements under the Act, and there is no current determination as to debts owed to the Government by plaintiff.

In Reeves v. Astrue, 526 F.3d 732, 735-738 (11th Cir. 2008), the Eleventh Circuit found that the EAJA statute unambiguously directs an award of attorney's fees to the party and not the party's attorney, but declined to address arguments regarding an offset of a federal debt. Id. at 738. In Astrue v. Ratliff, 130 S. Ct. 2521, 2526-27 (2010), the United States Supreme Court affirmed the line of cases finding that EAJA fees are payable to litigants, not counsel, and further found that the fees award is subject to offset where a litigant has outstanding federal debts.

Although the assignment was entered into between client and attorney, counsel is seeking to enforce its rights under the assignment against the government. The Court finds that the assignment is invalid as against the government. Calhoun v. Massie, 253 U.S. 170 (1920); United States v. Transocean Air Lines, Inc. 386 F.2d 79 (5th Cir. 1967); Centron Corp. v. United States, 585 F.2d 982 (Ct. Cl. 1978). In Ratliff, it was noted that the government has continued "the direct payment practice only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" Ratliff, 130 S. Ct. at 2529 (citation omitted).

The Court finds that an award of fees against the government belongs to plaintiff.  Plaintiff may assign his interest in the attorney fees in compliance with the Assignment of Claims Act.[5]

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #22) is **GRANTED** to the extent that plaintiff is awarded attorney's fees in the amount of $6,016.46 and the motion is otherwise **DENIED**.

2.  The Clerk shall enter an Amended Judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of June, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[5]Under the Assignment of Claims Act, "assignment" means

(1) a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim; or

(2) the authorization to receive payment for any part of the claim.

31 U.S.C. § 3727(a).  The "assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued."  31 U.S.C. § 3727(b).